# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                    **CRIMINAL ACTION NO. 3:02-CR-35-10**
                                          **(JUDGE GROH)**

**WILLIAM MATTHEW REDMAN,**

    Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO CORRECT JUDGMENT

On June 26, 2014, Defendant William Matthew Redman filed a "Motion to Correct Judgment." In support of that motion, Defendant states that on June 10, 2014, Defendant appeared before this Court for a final hearing on a petition for revocation of supervised release. At that hearing, Defendant did not admit to the violations. Rather, Defendant admitted that should the United States present evidence on the matter, in light of the lowered burden of proof, the United States would prevail on the matter. On June 18, 2014, this Court entered judgment in this case, wherein Defendant "admitted guilt to violation of Standatory and Mandatory Conditions of the term of supervision." [Doc. 923]. Therefore, Defendant moves this Court to correct its judgment to reflect that Defendant admitted that the United States would be able to present evidence on his alleged violations and prevail on the matter, but that Defendant did not admit guilt to the violations. Defendant's counsel also represents that she has conferred with Assistant United States Attorney Paul Camilletti, and he consented to Defendant's motion.

Federal Rule of Criminal Procedure 35 provides that the Court may "[w]ithin 14 days

after sentencing . . . correct a sentence that resulted from arithmetical, technical, or other clear error." However, as used in Rule 35, sentencing means "the oral announcement of the sentence." Fed. R. Crim. P. 35(c). In this case, the Court sentenced Defendant on June 10, 2014. Defendant did not file his motion until June 26, 2014. Therefore, it is not within the fourteen day time period under Rule 35.

However, Federal Rule of Criminal Procedure 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment." A "conflict between the criminal judgment and all other record facts" is a "clerical error that should be corrected" pursuant to Rule 36. United States. v. Hernandez, No. 13-4452, 2014 WL 1328420, *1 (4th Cir. Apr. 4, 2014); see also United States v. Parker, 554 F. App'x 197, 200 (4th Cir. 2014) (remanded to the district court for the "limited purpose of correcting . . . clerical errors," which were typographical and transcription errors).

In this case, Defendant filed a motion pointing out that the sentence pronounced by the Court at the final hearing on the revocation of a petition for supervised release differed from the judgment order that was subsequently entered. The United States also consented in Defendant's motion. Therefore, the parties have appropriate notice of the alleged clerical error.

To determine whether a clerical error exists, this Court reviews the sentence as pronounced at Defendant's final revocation hearing and the subsequently entered judgment. Defendant appeared in this Court on June 10, 2014, for a final hearing on a petition for revocation of supervised release. At that time, the parties tendered an agreement to the Court. Assistant United States Attorney Paul Camilletti represented that

the parties reached an agreement wherein Defendant did not contest the allegations in the petition and the United States recommended twelve months and a day imprisonment followed by eighteen months of supervision. The Court accepted the parties' agreement and noted that Defendant was not making admissions of guilt to the violations, but Defendant was admitting that the United States would be able to present sufficient evidence that would convince the Court that he had in fact committed the violations. However, the judgment order, entered on June 18, 2014, states that Defendant admitted guilt to the violations.

Therefore, upon review of the Court's sentence on the record at the final revocation hearing and the written judgment subsequently entered, the Court finds that the judgment order does not correctly reflect this Court's sentence and that a clerical error in transcription has occurred. Accordingly, the Court **GRANTS** Defendant's "Motion to Correct Judgment" [Doc. 930]. Pursuant to Federal Rule of Criminal Procedure 36, the Court will enter an amended judgment order reflecting that Defendant did not contest the allegations in the petition.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

**DATED:** July 24, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE